UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                             ) Case No. _____
                                                  )
                                                  ) NOTICE OF **PRELIMINARY**
                                                  ) HEARING ON MOTION
                                                  )     FOR USE OF CASH COLLATERAL
                                                  )     TO OBTAIN CREDIT
Debtor(s)                                         ) *(Check One)*

YOU ARE NOTIFIED THAT:

1.   The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit *(check one)*. A copy of the motion is attached; and it includes (i) the statement required by Local Form #541.5, and (ii) the following allegations:

   a.   The immediate and irreparable harm that will come to the estate pending a final hearing is _____
_____.

   b.   The amount of ☐ cash collateral ☐ credit *(check one)* necessary to avoid the harm detailed above prior to the final hearing is _____.

2.   The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3.   A **PRELIMINARY** HEARING on the motion WILL BE HELD ON _____ AT _____ IN _____.
Testimony will be received if offered and admissible.

4.   If you wish to object to the motion, you must do one or both of the following: (1) attend the preliminary hearing; and/or (2) file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401), a written response, which states the facts upon which you will rely and, if the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by LBR 9004-1(b).

5.   On _____ copies of this notice and the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. §705; any creditors' committee chairperson [or, if none serving, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and all affected lien holders whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                                           OSB #
_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541.1 (6/1/15)

Michael D. O'Brien, OSB #951056
Theodore J Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Parkway, Suite 160
Portland, OR 97223
(503) 786-3800

Of Attorneys for RenX Group II, LLC, Debtor-in-possession*.
*Pending Application to Employ

IN THE BANKRUPTCY COURT OF THE UNITED STATES

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>RenX Group II, LLC<br><br>    Debtors-in-possession. | Case No. 17-33139-tmb11<br><br>DEBTOR MOTION FOR AUTHORITY TO USE CASH COLLATERAL |

      RENX Group II, LLC, debtor-in-possession,("Debtor") moves the court for preliminary authority to use cash collateral and for authority to grant a replacement lien and represents as follows:

1.    None of the prohibited provisions listed in LBF 541.5 are included in this Motion or the proposed Order.

2.    On August 22, 2017, Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code for the District of Oregon. Debtor continues to maintain

possession of its property and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the United States Bankruptcy Code ("the Code.")

3. Prior to the commencement of this case, Debtor's predecessor in interest entered into certain Note agreements with, in order of priority, Robert & Melody Johnson ("RMJ"), Jeffrey Kantor ("JK"), and Jimmy Drakos ("JD") secured by Deeds of Trust against its real property. In Addition, the Deeds of Trust contained security agreements covering rents (the "Prepetition Collateral") of Debtor's property located at 87287 Government Camp Loop, Government Camp, OR 97028 (the "Property").

4. The security interests of RMJ, JK and JD were perfected by filing the Deeds of Trust in the counties where the Property is located. These agreements were recorded against the Property. See Attached Rent Security Documents at Exhibit A. (The complete Deeds of Trust are available upon request but not reproduced here due to size constraints).

6. As of the petition date Debtor was indebted to RMJ, JK and JD and in arrears on the Property security agreements listed above.

7. In order to maintain its business operations and protect its ability to reorganize in accordance with chapter 11 of the Code, it is necessary that Debtor obtain the authority provided in 11 USC §363(c)(2)(B) to use cash collateral.

8. Debtor requests that this court authorize their preliminary use of cash collateral for the payment of their operating expenses in the normal course of business, as set forth in the monthly budget attached hereto as Exhibit B. The preliminary use of cash collateral requested in Exhibit B would cover projected monthly operating expenses for the Property (Debtor will utilize his other property rents to manage the remaining expenses). Debtor requests this court allow use of

cash collateral for a 14 day period pending a final hearing on motion to use cash collateral during which Debtors hope to negotiate a Stipulated Order re: Use of Cash Collateral with EMJ, JK and JD. Debtor currently has no alternative borrowing source from which it could secure additional funding to operate its business. Debtor is currently receiving other rents from non-collateralized properties but believes that it may need to utilize some funds from the Property for reorganization.

9. In order to adequately protect the interests of EMJ, JK and JD in the Prepetition Collateral and for Debtors' use of cash collateral as requested in this motion, Debtors propose to provide replacement liens pursuant to 11 USC §361(2) to property of the Estate of the kind which presently secure the indebtedness owed to EMJ, JK and JD (the "Postpetition Collateral.")

10. In the event that the court were to refuse authorization of Debtor's use of cash collateral, Debtor believes it may be unable to maintain its current business operation and propose a plan of reorganization in the long term. Without the use of cash collateral, Debtor may be forced to liquidate their collateral for below market value resulting in significant, irreparable harm to Debtor's estate and its creditors.

WHERFORE, Debtor requests that this court enter an Order pursuant to 11 USC §363(c)(2)(B) authorizing Debtor to use cash collateral for its general ongoing business operations as described in this motion and the budget attached hereto as Exhibit B in the amount of $2,852, representing one half of the monthly expense amount, and to grant unto EMJ, JK and JD replacement liens in the Postpetition Collateral effective as of September 13, 2017, and for such other and further relief as the court may deem just and proper.

DATED this  13th   day of September, 2017.


Respectfully So Moved by:

   /s/ Theodore J. Piteo_____

Michael D. O'Brien, OSB 95105
Theodore J. Piteo, OSB 090311
of Attorneys for Debtor-in-Possession*
*Pending Approval of Employment

THIS IS AN ACCOMMODATION ONLY
NO LIABILITY IS ASSUMED FOR
THE STATUS OF RECORD TITLE
OR THE VALIDITY OF THIS DOCUMENT

GRANTOR'S NAME John Burton Jr and MaryLou Burton

BENEFICIARY
Robert H. Johnson and Melody W. Johnson as tenants by the entirety

AFTER RECORDING RETURN TO:
Robert H. Johnson & Melody W. Johnson

Clackamas County Official Records 2007-005944
Sherry Hall, County Clerk

$41.00
01063444200700059440040049  01/23/2007 10:28:45 AM
M-TD      Cnt=1 Stn=13 BARBARA
$20.00 $11.00 $10.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## TRUST DEED

THIS TRUST DEED, made December 20, 2006, between John Burton JR and MaryLou Burton Grantor, Security Guarantee Company of Oregon, as Trustee, and Robert H. Johnson and Melody W. Johnson as tenants by the entirety, as Beneficiary,

WITNESSETH:

Grantor irrevocably grants, bargains, sells and conveys to trustee in trust, with power of sale, the property in Clackamas, Oregon, described as:

The West one-half of Lot 18, IDA DARR SUBDIVISION, as cut off by a line drawn along the extension of the boundary between Lots 13 and 14 of said IDA DARR SUBDIVISION, Clackamas County, Oregon

together with all and singular the tenements, hereditaments and appurtenances and all other rights belonging or in anyway now or after appertaining, and the rents, issues and profits and all fixtures used in connection with the property.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor and payment of the sum of TWO HUNDRED TWENTY-FIVE THOUSAND AND 00/100 Dollars, with interest according to the terms of a promissory note of even date, payable to beneficiary and made by grantor, the final payment of principal and interest, if not sooner paid, to be due and payable December 20, 2011.

The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of the note becomes due and payable. In the event the within described property, or any interest therein is sold, agreed to be sold, conveyed, assigned or alienated by the grantor without first having obtained the written consent or approval of the beneficiary, then at the beneficiary's option, all obligations secured by this instrument, irrespective of the maturity dates expressed, shall become immediately due and payable.

To protect the security of this trust deed, grantor agrees:
1. To protect, preserve and maintain the property in good condition and repair; not to remove or demolish any building or improvement; not to commit or permit any waste of the property.
2. To complete or restore promptly and in good and habitable condition any building or improvement which now exists or may be constructed, and which is damaged or destroyed, and pay when due all costs incurred.
3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require and to pay for filing the same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.
4. To provide and continuously maintain insurance on the buildings now or hereafter erected on the property against loss of damage by fire and such other hazards as the beneficiary may from time to time require, in an amount not less the $225,000.00, written in companies acceptable to the beneficiary, with loss payable to the latter; all policies of insurance shall be delivered to the beneficiary as soon as insured; if the grantor shall fail for any reason to procure any such insurance and to deliver the policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on the buildings, the beneficiary may procure the same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness occured and in such orders as beneficiary may determine, or at the option of beneficiary the entire amount

5. To keep the property free from construction liens and to pay all taxes, assessments and other charges assessed upon or against the property before any part of such taxes, assessments and other charges become past due or delinquent and promptly delivered receipts to beneficiary; should the grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment, and the amount so paid, with interest at the rate set forth in the note secured, together with the obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants and for such payments, with interest as aforesaid, the property described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation described, and all such payments shall be immediately due and payable without notice, and the nonpayment shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and constitute a breach of this trust deed.

6. To pay all costs, fees and expenses of this trust including the cost of title search as well as other costs and expenses of the trustee incurred in connection with or in enforcing this obligation and trustee's fees and attorney's fees actually incurred.

7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this trust deed, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney's fees; the amount of attorney's fees mentioned in this paragraph 7 in all cases shall be fixed by the trial court and in the event of any appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney's fees on such appeal.

It is mutually agreed that:

8. In the event that any portion or all of the property shall be taken under the right of eminent domain or condemnation, beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking which are in excess of the amount required to pay all reasonable costs, expenses and attorney's fees necessarily paid by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any reasonable costs and expenses and attorney's fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured; and grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation, promptly upon beneficiary's request.

9. At any time and from time to time upon written request of beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, trustee may (a) consent to the making of any map or plat of the property; (b) join in granting any easement or creating any restriction; (c) join in any subordination or other agreement affecting this deed or the lien or charge; (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals of any matters or facts shall be conclusive proof of their truthfulness.

10. Upon any default by grantor, beneficiary may at any time by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness secured, enter upon and take possession of the property or any part, in its own name sue or otherwise collect rents, issues and profits, including those past due and unpaid, and apply the same, less cost and expenses of operation and collection, including reasonable attorney's fees upon any indebtedness secured, and in such order as beneficiary may determine.

11. The entering upon and taking possession of the property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release, shall not cure or waive any default or invalidate any act done pursuant to such notice.

12. Upon default by grantor in payment of any indebtedness secured or in grantor's performance of any agreement, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured immediately due and payable. In such an event the beneficiary may elect to proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this trust deed by advertisement and sale, or may direct the trustee to pursue any other right or remedy, either at law or in equity, which the beneficiary may have. In the event the beneficiary elects to foreclose by advertisement and sale, the beneficiary or the trustee shall execute and cause to be recorded a written notice of default and election to sell the property to satisfy the obligation secured and the trustee shall fix the time and place of sale, give notice as then required by law and proceed to foreclose this trust deed in the manner provided by law.

13. After the trustee has commenced foreclosure by advertisement and sale, and at any time prior to the time provided by law before the date the trustee conducts the sale, the grantor or any other person so privileged, may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation

15. When trustee sells pursuant to the powers provided, trustee shall apply the proceeds of sale to payment of (1) the expenses of sale, including the compensation of the trustee and a reasonable charge by trustee's attorney, (2) to the obligation secured by the trust deed, (3) to all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority and (4) the surplus, if any, to the grantor or to the grantor or to any successor in interest entitled to such surplus.

16. Beneficiary may from time to time appoint a successor or successors to any trustee named or to any successor trustee appointed. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee named or appointed. Each such appointment an substitution shall be made by written instrument executed by beneficiary, which, when recorded in the records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor trustee.

17. Trustee accepts this trust when this deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party of pending sale under any other deed of trust or of any action proceeding in which grantor, beneficiary or trustee shall be a party unless such action or proceeding is brought by trustee.

The grantor covenants and agrees to and with the beneficiary and the beneficiary's successor in interest that the grantor is lawfully seized in fee simple of the real property and has a valid, unencumbered title, excepting and subject to:

and that the grantor will warrant and forever defend the same against all persons.

The grantor warrants that the proceeds of the loan represented by the above described note and this trust deed are:

(a)* primarily for grantor's personal, family or household purposes (see Important Notice below),
(b) for an organization, or (even if grantor is a natural person) are for business or commercial purposes.

This deed applies to, inures to the benefit of and binds all parties, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns. The term beneficiary shall mean the holder and owner, including pledges, of the contract secured, whether or not named as a beneficiary.

In construing this trust deed, it is understood that the Grantor or Beneficiary may be more than one person; that if the context so requires, the singular shall be taken to mean and include the plural, and that generally all grammatical changes shall be made, assumed and implied to make the provisions apply equally to corporations and to individuals.

NOTE: The Trust Deed Act provides that the trustee must be either an attorney, who is an active member of the Oregon State Bar, a bank, trust company or savings and loan association authorized to do business under the laws of Oregon or the United States, a title insurance company authorized to insure title to real property of this state, its subsidiaries, affiliates, agents or branches, the United States or any agency thereof, or an escrow agent licensed under state law.

*IMPORTANT NOTICE: Delete, by lining out, whichever warranty (a) or (b) is not applicable; if warranty (a) is applicable and the beneficiary is a creditor as such word is defined in the Truth-in-Lending Act Regulation Z, the beneficiary MUST comply with the Act and Regulation by making required disclosure. If compliance with the Act is not required, disregard this notice.

WARNING

Unless you provide us with evidence of the insurance coverage as required by our contract or loan agreement, we may purchase insurance at your expense to protect our interest. This insurance may, but need not, also protect your interest. If the collateral becomes damaged, the coverage we purchase may not pay any claim you make or any claim made against you. You may later cancel this coverage by providing evidence that you have obtained property coverage elsewhere.

You are responsible for the cost of any insurance purchased by us. The cost of this insurance may be added to your contract or loan balance. If the cost is added to your contract or loan balance, the interest rate on the underlying contract or loan will apply to this added amount. The effective date of coverage may be the date your prior coverage lapsed or the date you failed to provide proof of coverage.

The coverage we purchase may be considerably more expensive than insurance you can obtain on your own and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

DATED: December 12, 2006
This instrument was acknowledged before me on January 12, 2007 by Mary Lou Burton
STATE OF OREGON
COUNTY OF Clackamas

NOTARY PUBLIC FOR OREGON
MY COMMISSION EXPIRES: 5/18/2010

OFFICIAL SEAL
K KIRTLEY
NOTARY PUBLIC OREGON
COMMISSION NO. 406187
MY COMMISSION EXPIRES MAY 18, 2010

MaryLou Burton
John Burton

# ACKNOWLEDGMENT

ATTACHED TO and made a part of __Trust Deed__.

STATE OF OREGON  
County of __Clackamas__ } ss

On this __January 12, 2007__, before me, the undersigned, personally appeared the within named __John Burton Jr. and Marylou Burton__, known to me to be the individual(s) described in and who executed the within instrument and acknowledged to me that he/she/they executed the same freely and voluntarily.

_____  
Notary Public in and for the State of Oregon  
My Commission expires: May 18, 2010

**OFFICIAL SEAL**  
**K KIRTLEY**  
**NOTARY PUBLIC OREGON**  
**COMMISSION NO. 406187**  
**MY COMMISSION EXPIRES MAY 18, 2010**

Wintryde

Exhibit A - 000004    Case 17-33139-tmb11    Doc 22    Filed 09/14/17

FORM No. 881 – TRUST DEED (Assignment Restricted).   © 1988-2003 STEVENS-NESS LAW PUBLISHING CO., PORTLAND, OR   www.stevensness.com

NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

EA

**TRUST DEED**

John and MaryLou Burton
13237 Knaus Road
Lake Oswego, OR 97034

*Grantor's Name and Address*

Jeffrey D. Kanter
315 Berwick Road
Lake Oswego, OR 97034

*Beneficiary's Name and Address*

After recording, return to (Name, Address, Zip):
Jeffrey D. Kanter
315 Berwick Road
Lake Oswego, OR 97034

STATE OF OREGON,
County of _____ } ss.

Clackamas County Official Records
Sherry Hall, County Clerk        2008-014390

$36.00

01191955200800143900020029
                                      02/29/2008 02:13:40 PM
M-TD   Cnt=1  Stn=4 KANNA
$10.00 $16.00 $10.00

By _____, Deputy.

Security Title Accommodation AC04408

THIS TRUST DEED, made on __February 19th, 2008__, between
__John and MaryLou Burton__, as Grantor,
__Security Title Guaranty__, as Trustee, and
__Jeffrey D. Kanter__, as Beneficiary,

WITNESSETH:

Grantor irrevocably grants, bargains, sells and conveys to trustee, in trust, with power of sale, the property in __Clackamas__ County, Oregon, described as:

~~87287~~ E Government Camp Loop
Government Camp, OR 97028

```
The West one-half of Lot 18, IDA DARR SUBDIVISION, as cut off by a
line drawn along the extension of the boundary between Lots 13
and 14 of said IDA DARR SUBDIVISION, Clackamas County, Oregon.
```

together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in any way now or hereafter appertaining, and the rents, issues and profits thereof, and all fixtures now or hereafter attached to or used in connection with the property.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of the sum of __17,332.60__ __Seventeen thousand three hundred & thirty two dollars and sixty cents__ Dollars, with interest thereon according to the terms of a promissory note of even date herewith, payable to beneficiary or order and made by grantor, the final payment of principal and interest, if not sooner paid, to be due and payable on _____.

The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of the note becomes due and payable. Should the grantor either agree to, attempt to, or actually sell, convey, or assign all (or any part) of the property, or all (or any part) of grantor's interest in it without first obtaining the written consent or approval of the beneficiary, then, at the beneficiary's option*, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, or herein, shall become immediately due and payable. The execution by grantor of an earnest money agreement** does not constitute a sale, conveyance or assignment.

To protect the security of this trust deed, grantor agrees:
1. To protect, preserve and maintain the property in good condition and repair; not to remove or demolish any building or improvement thereon; and not to commit or permit any waste of the property.
2. To complete or restore promptly and in good and habitable condition any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefor.
3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require, and to pay for filing the same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.
4. To provide and continuously maintain insurance on the buildings now or hereafter erected on the property against loss or damage by fire and other hazards, as the beneficiary may from time to time require, in an amount not less than $ __NA__ , written by one or more companies acceptable to the beneficiary, with loss payable to the latter. All policies of insurance shall be delivered to the beneficiary as soon as issued. If the grantor shall fail for any reason to procure any such insurance and to deliver the policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on the buildings, the beneficiary may procure the same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
5. To keep the property free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against the property before any part of such taxes, assessments and other charges becomes past due or delinquent and promptly deliver receipts therefor to beneficiary. Should the grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment thereof, and the amount so paid, with interest at the rate set forth in the note secured hereby, together with the obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants hereof. For such payments, with interest as aforesaid, the property hereinbefore described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described. All such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and shall constitute a breach of this trust deed.
6. To pay all costs, fees and expenses of this trust, including the cost of title search, as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation, and trustee and attorney fees actually incurred.
7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this deed or any suit or action related to this instrument, including but not limited to its validity and/or enforceability, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney fees. The amount of attorney fees mentioned in this paragraph in all cases shall be fixed by the trial court, and in the event of an appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney fees on such appeal.

It is mutually agreed that:
8. In the event that any portion or all of the property shall be taken under the right of eminent domain or condemnation, beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking which are in excess of the amount required to pay all reasonable costs, expenses and attorney fees necessarily paid or incurred by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any reasonable costs and expenses and attorney fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby. Grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation promptly upon beneficiary's request.

NOTE: The Trust Deed Act provides that the trustee hereunder must be either an attorney who is an active member of the Oregon State Bar, a bank, trust company or savings and loan association authorized to do business under the laws of Oregon or the United States, a title insurance company authorized to insure title to real property of this state, its subsidiaries, affiliates, agents or branches, the United States or any agency thereof, or an escrow agent licensed under ORS 696.505 to 696.585.
*WARNING: 12 USC 1701j-3 regulates and may prohibit exercise of this option.
**The publisher suggests that such an agreement address the issue of obtaining beneficiary's consent in complete detail.

THIS IS AN ACCOMMODATION ONLY
NO LIABILITY IS ASSUMED FOR
THE STATUS OF RECORD TITLE
OR THE VALIDITY OF THE DOCUMENT

Exhibit A - 000005     Case 17-33139-tmb11   Doc 22   Filed 09/14/17



9. At any time, and from time to time upon written request of beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, trustee may (a) consent to the making of any map or plat of the property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this deed or the lien or charge thereof; or (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee fees for any of the services mentioned in this paragraph shall be not less than $5.

10. Upon any default by grantor hereunder, beneficiary may, at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney fees, upon any indebtedness secured hereby, and in such order as beneficiary may determine.

11. The entering upon and taking possession of the property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder, or invalidate any act done pursuant to such notice.

12. Upon default by grantor in payment of any indebtedness secured hereby or in grantor's performance of any agreement hereunder, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured hereby immediately due and payable. In such event, the beneficiary may elect to proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this trust deed by advertisement and sale, or may direct the trustee to pursue any other right or remedy, either at law or in equity, which the beneficiary may have. In the event the beneficiary elects to foreclose by advertisement and sale, the beneficiary or the trustee shall execute and cause to be recorded a written notice of default and election to sell the property to satisfy the obligation secured hereby whereupon the trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this trust deed in the manner provided in ORS 86.735 to 86.795.

13. After the trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the trustee conducts the sale, the grantor or any other person so privileged by ORS 86.753 may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation of the trust deed, together with trustee and attorney fees not exceeding the amounts provided by law.

14. Otherwise, the sale shall be held on the date and at the time and place designated in the notice of sale or the time to which the sale may be postponed as provided by law. The trustee may sell the property either in one parcel or in separate parcels and shall sell the parcel or parcels at auction to the highest bidder for cash, payable at the time of sale. Trustee shall deliver to the purchaser its deed in form as required by law conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, excluding the trustee, but including the grantor and beneficiary, may purchase at the sale.

15. When trustee sells pursuant to the powers provided herein, trustee shall apply the proceeds of sale to payment of: (1) the expenses of sale, including the compensation of the trustee and a reasonable charge by trustee's attorney; (2) to the obligation secured by the trust deed; (3) to all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority; and (4) the surplus, if any, to the grantor, or to any successor in interest entitled to such surplus.

16. Beneficiary may, from time to time, appoint a successor or successors to any trustee named herein or to any successor trustee appointed hereunder. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee herein named or appointed hereunder. Each such appointment and substitution shall be made by written instrument executed by beneficiary, which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor trustee.

17. Trustee accepts this trust when this deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which grantor, beneficiary or trustee shall be a party unless such action or proceeding is brought by trustee.

The grantor covenants to and agrees with the beneficiary and the beneficiary's successors in interest that the grantor is lawfully seized in fee simple of the real property and has a valid, unencumbered title thereto, except as may be set forth in any addendum or exhibit attached hereto, and that the grantor will warrant and forever defend the same against all persons whomsoever.

WARNING: Unless grantor provides beneficiary with evidence of insurance coverage as required by the contract or loan agreement between them, beneficiary may purchase insurance at grantor's expense to protect beneficiary's interest. This insurance may, but need not, also protect grantor's interest. If the collateral becomes damaged, the coverage purchased by beneficiary may not pay any claim made by or against grantor. Grantor may later cancel the coverage by providing evidence that grantor has obtained property coverage elsewhere. Grantor is responsible for the cost of any insurance coverage purchased by beneficiary, which cost may be added to grantor's contract or loan balance. If it is so added, the interest rate on the underlying contract or loan will apply to it. The effective date of coverage may be the date grantor's prior coverage lapsed or the date grantor failed to provide proof of coverage. The coverage beneficiary purchases may be considerably more expensive than insurance grantor might otherwise obtain alone and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

The grantor warrants that the proceeds of the loan represented by the above described note and this trust deed are (choose one):*
(a) primarily for grantor's personal, family or household purposes (see Important Notice below).
(b) ~~for an organization, or (even if grantor is a natural person) are for business or commercial purposes.~~

This deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns. The term beneficiary shall mean the holder and owner, including pledgee, of the contract secured hereby, whether or not named as a beneficiary herein.

In construing this trust deed, it is understood that the grantor, trustee and/or beneficiary may each be more than one person; that if the context so requires, the singular shall be taken to mean and include the plural, and that generally all grammatical changes shall be made, assumed and implied to make the provisions hereof apply equally to corporations and to individuals.

IN WITNESS WHEREOF, the grantor has executed this instrument the day and year first written above.

*IMPORTANT NOTICE: Delete, by lining out, whichever warranty (a) or (b) is inapplicable. If warranty (a) is applicable and the beneficiary is a creditor as such word is defined in the Truth-in-Lending Act and Regulation Z, the beneficiary MUST comply with the Act and Regulation by making required disclosures. If compliance with the Act is not required, disregard this notice.

STATE OF OREGON, County of _____Clackamas_____ ) ss.
This instrument was acknowledged before me on _____2/19/08_____,
by _____John Burton and MaryLou Burton_____
This instrument was acknowledged before me on _____,
by _____
as _____
of _____

OFFICIAL SEAL
S FOUGHT
NOTARY PUBLIC-OREGON
COMMISSION NO. 401066
MY COMMISSION EXPIRES JANUARY 6, 2010

Notary Public for Oregon
My commission expires _____1/10/08_____

---

REQUEST FOR FULL RECONVEYANCE (To be used only when obligations have been paid.)

TO: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by the foregoing trust deed. All sums secured by the trust deed have been fully paid and satisfied. You hereby are directed, on payment to you of any sums owing to you under the terms of the trust deed or pursuant to statute, to cancel all evidences of indebtedness secured by the trust deed (which are delivered to you herewith together with the trust deed) and to reconvey, without warranty, to the parties designated by the terms of the trust deed, the estate now held by you under the same. Mail the reconveyance and documents to _____

DATED _____

Do not lose or destroy this Trust Deed OR THE NOTE which it secures.
Both should be delivered to the trustee for cancellation before reconveyance is made.

_____Beneficiary_____

FORM No. 881 – TRUST DEED (Assignment Restricted).    © 1988-2003 STEVENS-NESS LAW PUBLISHING CO., PORTLAND, OR    www.stevensness.com

EA    NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

| TRUST DEED | STATE OF OREGON, County of _____ } ss. |
|---|---|
| John and MaryLou Burton<br>13237 Knaus Road<br>Lake Oswego, OR 97034<br>Grantor's Name and Address | Clackamas County Official Records<br>Sherry Hall, County Clerk    2008-014391<br><br>$36.00<br>01191957200800143910020025    02/29/2008 02:13:40 PM |
| Jimmy Drakos<br>6000 SW Meadow Suite 101<br>Lake Oswego, OR 97035<br>Beneficiary's Name and Address | M-TD    Cnt=1 Stn=4 KANNA<br>$10.00 $16.00 $10.00 |
| After recording, return to (Name, Address, Zip):<br>Jimmy Drakos<br>6000 SW Meadows Suite 101<br>Lake Oswego, OR 97035 | By _____, Deputy. |

THIS TRUST DEED, made on __February 19th, 2008__, between

__John and MaryLou Burton__, as Grantor,

~~Security Title Guaranty~~, as Trustee, and

__Jimmy Drakos__, as Beneficiary,

WITNESSETH:

Grantor irrevocably grants, bargains, sells and conveys to trustee, in trust, with power of sale, the property in __Clackamas__ County, Oregon, described as:

87287 Government Camp Loop
Government Camp, OR 97028

The West one half of Lot 18, IDA DARR SUBDIVISION, as cut off by a line drawn along the extension of the boundary between lots 13 and 14 of said IDA DARR SUBDIVISION, Clackamas County, Oregon.

together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in any way now or hereafter appertaining, and the rents, issues and profits thereof, and all fixtures now or hereafter attached to or used in connection with the property.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of the sum of __17,140.60__ __Seventeen thousand one hundred and forty dollars and sixty cents.__ Dollars, with interest thereon according to the terms of a promissory note of even date herewith, payable to beneficiary or order and made by grantor, the final payment of principal and interest, if not sooner paid, to be due and payable on _____.

The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of the note becomes due and payable. Should the grantor either agree to, attempt to, or actually sell, convey, or assign all (or any part) of the property, or all (or any part) of grantor's interest in it without first obtaining the written consent or approval of the beneficiary, then, at the beneficiary's option*, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, or herein, shall become immediately due and payable. The execution by grantor of an earnest money agreement** does not constitute a sale, conveyance or assignment.

To protect the security of this trust deed, grantor agrees:
1. To protect, preserve and maintain the property in good condition and repair; not to remove or demolish any building or improvement thereon; and not to commit or permit any waste of the property.
2. To complete or restore promptly and in good and habitable condition any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefor.
3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require, and to pay for filing the same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.
4. To provide and continuously maintain insurance on the buildings now or hereafter erected on the property against loss or damage by fire and other hazards, as the beneficiary may from time to time require, in an amount not less than $__N/A__, written by one or more companies acceptable to the beneficiary, with loss payable to the latter. All policies of insurance shall be delivered to the beneficiary as soon as issued. If the grantor shall fail for any reason to procure any such insurance and to deliver the policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on the buildings, the beneficiary may procure the same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
5. To keep the property free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against the property before any part of such taxes, assessments and other charges becomes past due or delinquent and promptly deliver receipts therefor to beneficiary. Should the grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment thereof, and the amount so paid, with interest at the rate set forth in the note secured hereby, together with the obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants hereof. For such payments, with interest as aforesaid, the property hereinbefore described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described. All such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and shall constitute a breach of this trust deed.
6. To pay all costs, fees and expenses of this trust, including the cost of title search, as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation, and trustee and attorney fees actually incurred.
7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this deed or any suit or action related to this instrument, including but not limited to its validity and/or enforceability, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney fees. The amount of attorney fees mentioned in this paragraph in all cases shall be fixed by the trial court, and in the event of an appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney fees on such appeal.

It is mutually agreed that:
8. In the event that any portion or all of the property shall be taken under the right of eminent domain or condemnation, beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking which are in excess of the amount required to pay all reasonable costs, expenses and attorney fees necessarily paid or incurred by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any reasonable costs and expenses and attorney fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby. Grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation promptly upon beneficiary's request.

NOTE: The Trust Deed Act provides that the trustee hereunder must be either an attorney, who is an active member of the Oregon State Bar, a bank, trust company or savings and loan association authorized to do business under the laws of Oregon or the United States, a title insurance company authorized to insure title to real property of this state, its subsidiaries, affiliates, agents or branches, the United States or any agency thereof, or an escrow agent licensed under ORS 696.505 to 696.585.
*WARNING: 12 USC 1701j-3 regulates and may prohibit exercise of this option.
**The publisher suggests that such an agreement address the issue of obtaining beneficiary's consent in complete detail.

THIS IS AN ACCOMMODATION ONLY
NO LIABILITY IS ASSUMED FOR
THE STATUS OF RECORD TITLE
OR THE VALIDITY OF THIS DOCUMENT

Security Title Accomodation AC04508

9. At any time, and from time to time upon written request of beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, trustee may (a) consent to the making of any map or plat of the property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this deed or the lien or charge thereof; or (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee fees for any of the services mentioned in this paragraph shall be not less than $5.

10. Upon any default by grantor hereunder, beneficiary may, at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney fees, upon any indebtedness secured hereby, and in such order as beneficiary may determine.

11. The entering upon and taking possession of the property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder, or invalidate any act done pursuant to such notice.

12. Upon default by grantor in payment of any indebtedness secured hereby or in grantor's performance of any agreement hereunder, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured hereby immediately due and payable. In such event, the beneficiary may elect to proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this trust deed by advertisement and sale, or may direct the trustee to pursue any other right or remedy, either at law or in equity, which the beneficiary may have. In the event the beneficiary elects to foreclose by advertisement and sale, the beneficiary or the trustee shall execute and cause to be recorded a written notice of default and election to sell the property to satisfy the obligation secured hereby whereupon the trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this trust deed in the manner provided in ORS 86.735 to 86.795.

13. After the trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the trustee conducts the sale, the grantor or any other person so privileged by ORS 86.753 may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation of the trust deed, together with trustee and attorney fees not exceeding the amounts provided by law.

14. Otherwise, the sale shall be held on the date and at the time and place designated in the notice of sale or the time to which the sale may be postponed as provided by law. The trustee may sell the property either in one parcel or in separate parcels and shall sell the parcel or parcels at auction to the highest bidder for cash, payable at the time of sale. Trustee shall deliver to the purchaser its deed in form as required by law conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, excluding the trustee, but including the grantor and beneficiary, may purchase at the sale.

15. When trustee sells pursuant to the powers provided herein, trustee shall apply the proceeds of sale to payment of: (1) the expenses of sale, including the compensation of the trustee and a reasonable charge by trustee's attorney; (2) to the obligation secured by the trust deed; (3) to all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority; and (4) the surplus, if any, to the grantor, or to any successor in interest entitled to such surplus.

16. Beneficiary may, from time to time, appoint a successor or successors to any trustee named herein or to any successor trustee appointed hereunder. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee herein named or appointed hereunder. Each such appointment and substitution shall be made by written instrument executed by beneficiary, which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor trustee.

17. Trustee accepts this trust when this deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which grantor, beneficiary or trustee shall be a party unless such action or proceeding is brought by trustee.

The grantor covenants to and agrees with the beneficiary and the beneficiary's successors in interest that the grantor is lawfully seized in fee simple of the real property and has a valid, unencumbered title thereto, except as may be set forth in any addendum or exhibit attached hereto, and that the grantor will warrant and forever defend the same against all persons whomsoever.

WARNING: Unless grantor provides beneficiary with evidence of insurance coverage as required by the contract or loan agreement between them, beneficiary may purchase insurance at grantor's expense to protect beneficiary's interest. This insurance may, but need not, also protect grantor's interest. If the collateral becomes damaged, the coverage purchased by beneficiary may not pay any claim made by or against grantor. Grantor may later cancel the coverage by providing evidence that grantor has obtained property coverage elsewhere. Grantor is responsible for the cost of any insurance coverage purchased by beneficiary, which cost may be added to grantor's contract or loan balance. If it is so added, the interest rate on the underlying contract or loan will apply to it. The effective date of coverage may be the date grantor's prior coverage lapsed or the date grantor failed to provide proof of coverage. The coverage beneficiary purchases may be considerably more expensive than insurance grantor might otherwise obtain alone and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

The grantor warrants that the proceeds of the loan represented by the above described note and this trust deed are (choose one):*
(a) primarily for grantor's personal, family or household purposes (see Important Notice below).
(b) for an organization, or (even if grantor is a natural person) are for business or commercial purposes.

This deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns. The term beneficiary shall mean the holder and owner, including pledgee, of the contract secured hereby, whether or not named as a beneficiary herein.

In construing this trust deed, it is understood that the grantor, trustee and/or beneficiary may each be more than one person; that if the context so requires, the singular shall be taken to mean and include the plural, and that generally all grammatical changes shall be made, assumed and implied to make the provisions hereof apply equally to corporations and to individuals.

IN WITNESS WHEREOF, the grantor has executed this instrument the day and year first written above.

*IMPORTANT NOTICE: Delete, by lining out, whichever warranty (a) or (b) is inapplicable. If warranty (a) is applicable and the beneficiary is a creditor as such word is defined in the Truth-in-Lending Act and Regulation Z, the beneficiary MUST comply with the Act and Regulation by making required disclosures. If compliance with the Act is not required, disregard this notice.

STATE OF OREGON, County of _____Clackamas_____ ) ss.
This instrument was acknowledged before me on ___2/19/08___,
by __John Burton and MaryLou Burton__
This instrument was acknowledged before me on _____,
by _____
as _____
of _____

Notary Public for Oregon
My commission expires ___1/8/10___

OFFICIAL SEAL
S FOUGHT
NOTARY PUBLIC-OREGON
COMMISSION NO. 401066
MY COMMISSION EXPIRES JANUARY 8, 2010

REQUEST FOR FULL RECONVEYANCE (To be used only when obligations have been paid.)

TO: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by the foregoing trust deed. All sums secured by the trust deed have been fully paid and satisfied. You hereby are directed, on payment to you of any sums owing to you under the terms of the trust deed or pursuant to statute, to cancel all evidences of indebtedness secured by the trust deed (which are delivered to you herewith together with the trust deed) and to reconvey, without warranty, to the parties designated by the terms of the trust deed, the estate now held by you under the same. Mail the reconveyance and documents to _____

DATED _____
Do not lose or destroy this Trust Deed OR THE NOTE which it secures.
Both should be delivered to the trustee for cancellation before reconveyance is made.

_____
Beneficiary

**RenX Group II, LLC**
**Exhibit B - Budget of Big Blue Lodge**

| | |
|---|---:|
| Average Monthly Income | $8,000 |
| | |
| Estimated Monthly Expenses: | |
| Adequate Protection Payments | $350.00 |
| Owner Draw/Management fee | $0.00 |
| Insurance | $380.00 |
| Cleaning Fees | $1,500.00 |
| Supplies for Business | $250.00 |
| Maintainence | $500.00 |
| UST Fees | $325.00 |
| Property Taxes | $1,500.00 |
| Utilities | $900.00 |
| Total | $5,705 |

Debtor proposes to pay the following as Adequate Protection:
1) Robert & Melody Johnson - $250
2) Jeffrey Kantor - $50
3) Jimmy Drakos - $50